WESTON & McELVAIN LLP
Aaron C. Agness, Esq. (State Bar No. 221943)
Patricia A. Daza-Luu, Esq. (State Bar No. 261564)
601 S. Figueroa St., Suite 2350
Los Angeles, CA 90017
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
Email: aagness@wmattorneys.com
        pdaza-luu@wmattorneys.com

Attorneys for Defendant
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA**

Richard S. Van Dyke, Esq. (State Barn No. 196753)
Meredith King, Esq. (State Bar No. 280043)
James A. Bush, Esq. (State Bar No 195917)
VAN DYKE & ASSOCIATES, APLC
501 W. Broadway Avenue, Suite 1600
San Diego California 92101
Telephone: (619) 344-0977
Facsimile: (619) 599-0716

Attorney for Plaintiff
**FAY AVENUE PROPERTIES, LLC**

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAY AVENUE PROPERTIES, LLC; LA JOLLA SPA MD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 3:11-cv-02389-GPC-WVG <br><br> [Assigned for Discovery Matters to the Hon. William V. Gallo] <br><br> **JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING TRUSTEE OF PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY RESPONSES** <br><br> Action Filed:    August 26, 2011 <br> Action Removed:    October 14, 2011 |

-1-

1

## JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTES

2

3   **Request No. 28:**  Describe in detail how YOU calculated that there was at least $864,000 in

4   property losses in connection with the INCIDENT, as detailed in YOUR response to Interrogatory

5   No. 2.

6   **Response to Request No. 28:**  Trustee incorporates by reference applicable General Objections

7   set forth above.  Discovery is ongoing in this case and Trustee is actively seeking additional

8   information to support its allegations.  Trustee also objects to this Interrogatory to the extent that

9   it attempts to force Trustee to prove his case on the basis of currently known information or to

10  limit Trustee's ultimate proof of facts currently known.  Trustee further objects to this request to

11  the extent that it seeks the disclosure of information protected by the attorney work product

12  doctrine.  Trustee further objects on the grounds that the information sought is unreasonably

13  cumulative or duplicative of information provided in other discovery, including Defendant's First

14  Set of Special Interrogatories.

15         Without waiver of the foregoing objections, Trustee hereby incorporates by reference Fay

16  Avenue's responses to Special Interrogatory Nos. 1-26 and Fay Avenue's June 22, 2011 Initial

17  Disclosures.  As stated in Fay Avenue's June 22, 2012 Initial Disclosures, the $864,000 estimate

18  of property losses provided on June 22, 2012 and August 16, 2013 in Fay Avenue's Initial

19  Disclosures and Supplemental Response to Interrogatory No. 2 was based on Trustee's initial

20  review of the following documents: (1) Documents produced to Fay Avenue by Defendant

21  Travelers Property Casualty Company of America ("Defendant") prior to June 22, 2012; (2)

22  documents provided to Fay Avenue's counsel from Fay Avenue's prior attorneys Jennifer Hasso,

23  Kenneth Fitzgerald, and Todd Macaluso; and (3) the Fay Avenue's Bankruptcy Petition,

24  Schedules, Statements of Financial Affairs, and related documents filed in the matter *In re Fay*

25  *Avenue Properties, LLC*, United States Bankruptcy Court, Southern District of California, Case

26  No. 11-09606-LT7.  In conducting an initial review of these documents, Trustee's counsel

27

28

-2-

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

1    determined the documents contained vague references to claims made by Fay Avenue of

2    approximately $864,000 in property losses.

3          Trustee now believes Fay Avenue's property losses in connection with the INCIDENT

4    exceed the applicable policy limits and are at least $2,069,815.99.  This figure is based on the sum

5    of replacement values for property included on the Claim Inventory Dianne York provided

6    Defendant on or around June 2011 (the "June 2011 Claim Inventory"), which Trustee believes

7    Fay Avenue may claim.  Specifically, Trustee includes in this figure values for all "furniture,

8    tables, [and] equipment" listed in the June 2011 Claim Inventory, including because Dianne York

9    testified on July 12, 2011 that such items belonged to Fay Avenue.

10   **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-7:6.[1]

11   **Plaintiff's Basis for Objection:**  See Attachment "B" at  2:6-23.

12

13   **Request No. 29:**  With respect to YOUR contention that there was at least $864,000 in property

14   losses in connection with the INCIDENT (as detailed in YOUR response to Interrogatory No.2),

15   described in detail what portion of the property loss was sustained by YOU.

16   **Response to Request No. 29:**  Trustee incorporates by reference applicable General Objections

17   set forth above.  Trustee also objects to this Interrogatory to the extent that it attempts to force

18   Trustee to prove his case on the basis of currently known information or to limit Trustee's

19   ultimate proof of facts currently known.  Trustee further objects on the grounds that the

20   information sought is unreasonably cumulative or duplicative of information provided in other

21   discovery, including Defendant's First Set of Special Interrogatories.

22         Without waiver of the foregoing objections, Trustee asserts Fay Avenue sustained the

23   entire $864,000 in property losses described in Special Interrogatory Responses No. 2 and No. 28

24   and the entire $2,069,815.00 in property losses described above in Response 28.

25

26     [1] The parties will each attach a separate pleading with their arguments in order to comply with

27   Judge Gallo's Order of December 2, 2013 (Doc. 91), stating "[i]n the Joint Statement For
Determination of Discovery Dispute, each party is limited to ten (10) pages, excluding exhibits."

28

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

1   **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-7:6.

2   **Plaintiff's Basis for Objection:**  See Attachment "B" at  2:25-28, 3:1-3.

3

4   **Request No. 30:**  Describe in detail how YOU calculated the dollar amount(s) stated in YOUR

5   response to the preceding interrogatory.

6   **Response to Request No. 30:**  Trustee incorporates by reference applicable General Objections

7   set forth above.  Trustee further objects to this request to the extent that it seeks the disclosure of

8   information protected by the attorney work product doctrine.  Trustee further objects on the

9   grounds that the information sought is unreasonably cumulative or duplicative of information

10   provided in other discovery, including Defendant's First Set of Special Interrogatories.

11          Without waiver of the foregoing objections, Trustee responds as follows: see Fay

12   Avenue's response to Special Interrogatory Request No. 28.

13   **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-7:6.

14   **Plaintiff's Basis for Objection:**  See Attachment "B" at  3:5-12.

15

16   **Request No. 31:**  Describe in detail how YOU calculated that there was at least $1.1 million in

17   business interruption losses in connection with the INCIDENT, as detailed in YOUR response to

18   Interrogatory No.2.

19   **Response to Request No. 31:**  Trustee incorporates by reference applicable General Objections

20   set for above.  Discovery is ongoing in this case and Trustee is actively seeking additional

21   information to support its allegations.  Trustee objects to this Interrogatory to the extent that it

22   attempts to force Trustee to prove his case on the basis of currently known information or to limit

23   Trustee's ultimate proof of facts currently known.  Trustee also objects to this request to the

24   extent that it seeks the disclosure of information protected by the attorney work product doctrine.

25   Trustee further objects on the grounds that the information sought is unreasonably cumulative or

26   duplicative of information provided in other discovery, including Defendant's First Set of Special

27   Interrogatories.

28

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

1   Without waiver of the foregoing objections, Trustee hereby incorporates by reference Fay

2   Avenue's responses to Special Interrogatory Nos. 1-26 and Fay Avenue's June 22, 2011 Initial

3   Disclosures.  As stated in Fay Avenue's June 22, 2012 Initial Disclosures, the $1.1 million in

4   business interruption losses provided on June 22, 2012 and August 16, 2013 in Fay Avenue's

5   Initial Disclosures and Supplemental Response to Interrogatory No. 2 was based on Fay Avenue's

6   initial review of the following documents: (1) Documents produced to Fay Avenue by Defendant

7   prior to June 22, 2012; (2) documents provided to Fay Avenue's counsel from Fay Avenue's prior

8   attorneys Jennifer Hasso, Kenneth Fitzgerald, and Todd Macaluso and (3) the Fay Avenue's

9   Bankruptcy Petition, Schedules, Statements of Financial Affairs, and related documents filed in

10   the matter *In re Fay Avenue Properties, LLC*, United States Bankruptcy Court, Southern District

11   of California, Case No. 11-09606-LT7.  In conducting an initial review of these documents,

12   Trustee's counsel determined the documents contained vague references to claims made by Fay

13   Avenue of approximately $1.1 million in business interruption losses.

14   Trustee now believes its business interruption losses to exceed the applicable policy limits

15   and to be at least the $1.1 million Trustee identified on June 22, 2012 and August 16, 2013.  This

16   amount is based on "Rent" calculations in the Pro Forma and Projections Fay Avenue provided to

17   Defendant during the Claim Investigation.

18   **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-6:4, 7:7-7:26.

19   **Plaintiff's Basis for Objection:**  See Attachment "B" at  3:14-26.

20

21   **Request No. 32:**  With respect to YOUR contention that there was at least $1.1 million in

22   business interruption losses in connection with the INCIDENT (as detailed in YOUR response to

23   Interrogatory No.2), describe in detail what portion of the loss was sustained by YOU.

24   **Response to Request No. 33:**  Trustee incorporates by reference applicable General Objections

25   set forth above.  Trustee also objects to this Interrogatory to the extent that it attempts to force

26   Trustee to prove his case on the basis of currently known information or to limit Trustee's

27   ultimate proof of facts currently known.  Trustee further objects on the grounds that the

28

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

1  information sought is unreasonably cumulative or duplicative of information provided in other

2  discovery, including Defendant's First Set of Special Interrogatories.

3       Without waiving the foregoing objections, Trustee responds as follows: Fay Avenue

4  sustained the entire $1.1 million business interruption loss described in Special Interrogatory

5  Responses No. 2 and No. 31.

6  **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-6:4, 7:7-7:26.

7  **Plaintiff's Basis for Objection:**  See Attachment "B" at  4:1-8.

8

9  **Request No. 33:**  Describe in detail how YOU calculated the dollar amount(s) stated in YOUR

10  response to the preceding interrogatory.

11  **Response to Request No. 33:**  Trustee incorporates by reference applicable General Objections

12  set forth above.  Trustee also objects to this request on the grounds that it seeks the disclosure of

13  information protected by the attorney work product doctrine.  Trustee further objects on the

14  grounds that the information sought is unreasonably cumulative or duplicative of information

15  provided in other discovery, including Defendant's First Set of Special Interrogatories.

16       Without waiving the foregoing objections, Trustee responds as follows: see Trustee's

17  response to Special Interrogatory Request No. 31.

18  **Defendant's Reason to Compel Production:**  See Attachment "A" at 1:2-6:4, 7:7-7:26.

19  **Plaintiff's Basis for Objection:**  See Attachment "B" at  4:10-17.

20

21  Dated:  June 13, 2014                    VAN DYKE & ASSOCIATES, APLC

22

23

24                                    By:  s/ Meredith King, Esq._____
                                          Richard S. Van Dyke, Esq.

25                                        James A. Bush, Esq.
                                          Meredith King, Esq.

26                                        Attorneys for Plaintiff FAY AVENUE PROPERTIES,
                                          LLC

27

28

-6-

1   Dated:  June 13, 2014                    WESTON & McELVAIN LLP

2

3                                            By:  ___s/ Patricia A. Daza-Luu_____
                                                  Aaron C. Agness
4                                                 Patricia A. Daza-Luu
                                             Attorneys for Defendant
5                                            TRAVELERS PROPERTY
                                             CASUALTY COMPANY OF AMERICA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

**ATTACHMENT "A"**

**I.**   **INTRODUCTORY FACTS APPLICABLE TO THE JOINT STATEMENT**

The instant litigation arises out of a first party commercial property insurance claim submitted to Defendant Travelers Property Casualty Company of America ("Travelers") by Plaintiffs Fay Avenue Properties, LLC ("Fay") and La Jolla Spa MD, Inc. ("LJS") (collectively, hereinafter, "Plaintiffs") arising out of a purported theft loss. Plaintiffs bring causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing ("bad faith") against Travelers. Plaintiffs contend that Travelers owes policy benefits for damage to the building that was caused by the theft, theft of business personal property, and loss of business income.

Back in July 2012, Travelers served simply discovery aimed at finding out Fay's alleged damages. For instance, Travelers' Interrogatory No. 6 stated: "State the nature and dollar amount of each item of damage YOU contend plaintiff Fay Avenue Properties, LLC suffered as a result of TRAVELERS' alleged breach of contract." [Exh. "1" to Declaration of Patricia A. Daza-Luu ("PDL Decl.").] On or about August 30, 2012, Fay responded that it lacked sufficient information to respond. [Exh. "2" to PDL Decl.] About a year later, on August 16, 2013, Fay provided supplemental interrogatory responses that state: "[B]ased on its review thus far, Fay Avenue estimates at least $864,000 in property losses and at least $1,100,000 in business interruption losses…." [Exh. "3" to PDL Decl., Response Nos. 2, 6 (p. 25, 29).] Fay provided the same information in its June 22, 2012 initial disclosures (i.e., $864,000 in property losses and $1,100,000 in business interruption loss). [Exh. "4" to PDL Decl., § C (p. 40).] To date, Fay has not supplemented/amended its initial disclosures. [PDL Decl., ¶ 6.] Despite providing specific calculations of $864,000 and $1,100,000, Fay has never provided the bases for its calculations or specific documentary references allowing Travelers to understand the bases for these figures.

To understand how Fay calculated these prior damages figures and also to determine which figures were attributed to Fay (and not LJS or another person or entity), Travelers served another set of Interrogatories. These Interrogatories, which are the subject of this Joint Dispute,

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF
PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY
RESPONSES

1    asked Fay to explain how Fay calculated the $864,000 in property losses (Rogg Nos. 28-30) and

2    $1,100,000 in business interruption loss (Rogg Nos. 31-33). [Exh. "5" to PDL Decl., p. 45.] The

3    Trustee for Fay, who has notably never substituted into this action in place of Fay, responded

4    with grossly inadequate responses. Rather than explaining how the figures were calculated,

5    Fay's interrogatory responses state:

> In conducting an initial review of [(1) Documents produced to Fay Avenue by
> Defendant prior to June 22, 2012; (2) documents provided to Fay Avenue's
> counsel from Fay Avenue's prior attorneys Jennifer Hasso, Kenneth Fitzgerald,
> and Todd Macaluso and (3) the Fay Avenue's Bankruptcy Petition, Schedules,
> Statements of Financial Affairs, and related documents filed in the matter In re
> Fay Avenue Properties, LLC, United States Bankruptcy Court, Southern District
> of California, Case No. 11-09606-LT7], Trustee's counsel determined the
> documents contained vague references to claims made by Fay Avenue of
> approximately [$864,000 in property losses/$1.1 million in business interruption
> losses].

16   [Exh. "6" to PDL Decl., Interrog. Resp. No. 28 (p. 51-52), Interrog. Resp. No. 31 (p. 54-55) .]

17   The referenced documents are thousands of pages and based on the way the responses are worded,

18   it is not even clear if Fay has produced all the documents from which it supposedly found "vague

19   references." [PDL Decl., ¶ 9.] Moreover, there is both a claim for damage to the building as well

20   as a claim for business personal property, yet Fay systematically refuses to give any explanation

21   as to the "$864,000 in property losses."

22       Any objections asserted by Fay are clearly without merit and not worthy of further

23   comment here. Fay has asserted in discovery as well as its disclosures that its "property losses,"

24   whatever that means, are approximately $864,000 and that it has $1,100,000 in business

25   interruption losses. Fay cannot refuse to provide the bases for its calculation of these specific

26   numbers.

27       Finally, to top it off, Fay gratuitously adds in the subject interrogatory responses that its

28

1   damages are at least $2,069,815.99 in "property losses" and 1.1 million in business interruption

2   losses, both of these figures exceeding the Policy limits.  [Exh. "6" to PDL Decl., Response Nos.

3   28, 31 (p. 51-52, 54-55).]   Again, Fay refers Travelers to the same thousands of pages of

4   documents, but still refuses to provide a clear response explaining how the figures are calculated.

5   Unfortunately, despite meet and confer requests to supplement the deficient responses, Fay has

6   stood by its subject responses and refuses to provide adequate information.  [PDL Decl., ¶¶ 10-

7   13, 15.]

8   **II.**   **TRAVELERS IS ENTITLED TO COMPLETE INTERROGATORY RESPONSES**

9         **REGARDING DAMAGES AND DAMAGE CALCULATIONS**

10        **A.**   **RESPONSES TO INTERROGATORIES MUST BE COMPLETE IN**

11              **THEMSELVES**

12        "It is well established that an answer to an interrogatory 'must be responsive to the

13   question. It should be complete in itself and should not refer to the pleadings, or to depositions or

14   other documents, or to other interrogatories, at least where such references make it impossible to

15   determine whether an adequate answer has been given without an elaborate comparison of

16   answers.'" *Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 650 (N.D.Ind.1991)

17   (citing 4A J. Moore, J. Lucas, *Moore's Federal Practice* § 33.25[1](2d ed.1991)); *see also United*

18   *States v. Dist. Council of New York City and Vicinity of United Broth. of Carpenters and Joiners*

19   *of America,* 1992 WL 188379 (S.D.N.Y.1992) ("Where the interrogating party makes a request for

20   an answer to certain questions, a [party] responds inappropriately by merely designating

21   documents because the interrogatory did not call for business records."); *Continental Illinois Nat.*

22   *Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 686 (D.Kan.1991) ("Incorporation by

23   reference to a deposition is not a responsive answer.").  *Scaife v. Boenne,* 191 F.R.D. 590, 594

24   (N.D. Ind. 2000).  It is especially improper to respond "by referring to another document," when

25   "the document referred to . . . does not answer the question posed." *Id.*

26   ///

27   ///

28
                                            -3-

## B.      FACTS AND ANALYSIS OF DAMAGE COMPUTATIONS MUST BE DISCLOSED

Fay is under an obligation to disclose sufficiently detailed information regarding damages and damage computations in both disclosures under the rule, as well as interrogatory responses:

> [T]he plaintiff should provide more than a lump sum statement of the damages allegedly sustained. . . .  Moreover, the 'computation' of damages required by [FRCP] Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate. *See Bullard v. Roadway Exp.,* 3 Fed.Appx. 418, 420 (6th Cir. 2001) (unpublished). *See also U.S. v. Rempel,* 2001 WL 1572190 (D.Alaska 2001) at *2 (government required to disclose computation of tax liability, the functional equivalent of damages calculation in a tort case); *First Nat. Bank of Chicago v. Ackerley Communications, Inc.,* 2001 WL 15693 at *6, n. 6 (S.D.N.Y.2001) (calculation of damages requires more than merely setting forth figure demanded); *Kleiner v. Burns,* 2000 WL 1909470 at *2 (D.Kan.2000) (defendant is generally entitled to a "specific computation" of damages).
>
> The Court concludes that Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery. More specifically, in this case, Plaintiffs' aggregation of e.g. compensatory damages for all claims, all contracts, and all defendants does not permit each Defendant to know the extent of its liability since the SAC alleges breaches and fraud with respect to six different contracts, each of them involving some defendants but not others. Nor are the Defendants able to discern how the compensatory damages claimed are distributed among the contracts.  It would be useful to know, for instance, for both discovery organization as well as for

-4-

settlement discussions, whether the bulk of damages are attributable to one or two contracts.  Nor are Defendants able to discern from Plaintiffs' initial disclosure which portion of the compensatory damages are attributable to breach of contract, fraud, and RICO claims.  Because the merits analysis and assessment of likelihood of success may vary among the claims, knowing what portion of the damages are attributed to each claim would assist the parties in putting a settlement value on the case.  Providing this information, even if based as tentative early information, would advance the litigation without imposing a significant burden on the Plaintiffs.  The Court notes the fact that Plaintiffs disclose a very specific dollar amount ($42,284,757.00) for compensatory and other damages indicates that they have already engaged in a detailed calculation of damages.

*City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003); *see also Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, 2010 WL 1292545 at * 1 (N.D. Cal. 2010) ("Even without an actual calculation of damages and an exact determination of the applicable royalty rate, plaintiff MST shall provide the factual basis for its damages claim, the identification of all facts to support its damages theories, and any factual information . . . ."); *Gaeta v. Perrigo Pharm. Co.*, 2007 WL 3343043 at * 4 (N.D. Cal. 2007) ("As plaintiff has not properly responded to the interrogatory (except to incorrectly refer to damages and to incorporate medical and billing records and certain pleadings in the action), defendant BASF's motion to compel further response to interrogatory no. 5 is granted.").

It is clear that Fay must reveal not only the damage figures, but also what the figure is associated with, i.e. the type of damages, which claims or which causes of action, as well as the factual basis for the damage calculation and the analysis for any computation of damages.

Furthermore, in certain circumstances, a failure to disclose adequate information regarding damages can result in the court excluding the claims altogether.  *See City and Cnty. of San Francisco, supra,* 218 F.R.D. at 220 (citing *Gilvin v. Fire*, 2002 U.S. Dist. Lexis 15249 (D. D.C.

1  2002), *American Realty Trust, Inc. v. Matisse Partners, L.L.C.*, 2002 WL 1489543 (N.D. Tx.

2  2002), *Midwest Grain Products, Inc. v. Envirofuels Marketing, Inc.*, 1996 WL 445070 (D. Kan.

3  1996) and *Colombini v. Members of the Board of Dirs. of the Empire College School of Law*, 2001

4  WL 1006785 (N.D. Cal. 2001)).

5  **C.   FAY FAILED TO PROVIDE THE DETAILS OF ITS $864,000 IN**

6      **PROPERTY LOSSES**

7  In this case, Fay has claimed that it suffered $864,000 in property losses as a result of

8  Travelers' alleged breach of contract. [Exh. "3" to PDL Decl., Resp. No. 2 (p. 25).]  To date,

9  however, Fay has failed to provide any explanation of how this figure was calculated.  Fay has

10  also failed to explain what portion relates to alleged building damage as opposed to alleged stolen

11  business personal property.  Travelers served follow-up interrogatories expressly requesting that

12  Fay detail how its "property losses" were calculated (Interrogatory No. 28), what portion of the

13  loss was sustained by Fay (Interrogatory No. 29), and how the dollar amounts were determined

14  (Interrogatory No. 30).

15  Instead of properly responding to the interrogatories, Fay referred Travelers to "(1)

16  Documents produced to Fay Avenue by Defendant Travelers Property Casualty Company of

17  America ("Defendant") prior to June 22, 2012; (2) documents provided to Fay Avenue's counsel

18  from Fay Avenue's prior attorneys Jennifer Hasso, Kenneth Fitzgerald, and Todd Macaluso; and

19  (3) the Fay Avenue's Bankruptcy Petition, Schedules, Statements of Financial Affairs, and related

20  documents filed in the matter *In re Fay Avenue Properties, LLC*, United States Bankruptcy Court,

21  Southern District of California, Case No. 11-09606-LT7."  These references implicate thousands

22  of pages of documents. [PDL Decl., ¶ 9.]  It is impossible for Travelers to determine the bases for

23  Fay's alleged damages.  Moreover, it is not even clear from the response if Trustee has produced

24  all the documents being referenced.  For instance, have the "documents provided … from Fay

25  Avenue's prior attorneys" (i.e., category 2) been produced or withheld on grounds of privilege?

26  What was provided by the former attorneys?  With respect to an entire bankruptcy proceeding

27  (i.e., category 3), has Fay produced everything?

28

This kind of gamesmanship is appalling.  Fay cannot specifically state that it has $864,000 in "property losses" and then avoid telling Travelers the basis for its contention.  Fay cannot avoid telling Travelers how the figure has been comprised.  Fay cannot tell Travelers to go search thousands of documents, all of which may or may not have been produced, to try to figure out how Fay calculated the specific number of $864,000.   Fay has no justification, let alone substantial justification, for these grossly deficient responses.

### D.   FAY FAILED TO PROVIDE THE DETAILS OF ITS $1.1 MILLION IN BUSINESS INTERRUPTION LOSSES.

Fay claimed that it incurred $1.1 million in business interruption losses as a result of Travelers' alleged breach of contract.  [Exh. "3" to PDL Decl., Resp. No. 2 (p. 25).]  To date, however, Fay has failed to provide any explanation or breakdown as to how this figure was computed.  As a result, Travelers served interrogatories asking Fay to detail how its business interruption losses were calculated (Interrogatory No. 31), what portion of these losses was sustained by Fay (Interrogatory No. 32), and how these dollar amounts were determined (Interrogatory No. 33).

Instead of providing straightforward responses, Fay referred Travelers to "(1) Documents produced to Fay Avenue by Defendant Travelers Property Casualty Company of America ("Defendant") prior to June 22, 2012; (2) documents provided to Fay Avenue's counsel from Fay Avenue's prior attorneys Jennifer Hasso, Kenneth Fitzgerald, and Todd Macaluso; and (3) the Fay Avenue's Bankruptcy Petition, Schedules, Statements of Financial Affairs, and related documents filed in the matter *In re Fay Avenue Properties, LLC*, United States Bankruptcy Court, Southern District of California, Case No. 11-09606-LT7."  These references implicate thousands of pages of documents.  [PDL Decl., ¶ 9.]  It is impossible for Travelers to determine on what the Trustee relied when it disclosed that it incurred $1.1M in business interruption losses.  For the same reasons already discussed in connection with the property loss figure of $864,000, Trustee has to disclose how this figure was calculated.

///

-7-

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY RESPONSES

E.      **FAY'S NEW DAMAGES CALCULATIONS ARE ALSO EVASIVE**

Fay now claims its damages are roughly $2,069,815.99 in property losses and at least $1.1 million in business interruption losses.  However, Fay does not provide a straightforward breakdown of these figures, instead again choosing to refer Travelers to thousands of pages of documents cited above in hopes that by cross-referencing various documents, Travelers can figure out how the number was calculated.  If Fay's damages are now growing, Fay is under an obligation to supplement its prior responses and detail its larger damages figures.  *See* FRCP 26(e)(1)(A) (Parties to litigation have a duty to supplement disclosure and discovery if a party "learns that in some material respect [its] previous disclosure or response is incomplete and incorrect."); *see also Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009) ("A party or counsel has a continuing duty to supplement the initial disclosure . . . .") (barring plaintiff's damage claims for lack of supplemental disclosure).  Fay should not be permitted to allege specific dollar figures in discovery responses without answering interrogatories expressly requesting the bases for such figures.

JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE RE TRUSTEE OF PLAINTIFF FAY AVENUE PROPERTIES, LLC'S BANKRUPTCY ESTATE'S INTERROGATORY RESPONSES

**ATTACHMENT "B"**

**I. STATEMENT OF FACTS**

This is an insurance bad faith case arising out of a large commercial property loss. Plaintiff Fay Avenue Properties, LLC ("Fay Avenue") owned a building located at 7630 Fay Avenue, La Jolla, California (the "Fay Avenue Building"). A third party stole millions of dollars worth of property and caused damage to the Fay Avenue Building. Fay Avenue made a claim to its insurer, Defendant Travelers Property Casualty Company of America ("Travelers"). Travelers denied the claim on purported grounds of non-cooperation and fraud/misrepresentation. Fay Avenue then filed its complaint alleging breach of contract; breach of the implied covenant of good faith and fair dealing; fraudulent concealment; and negligence.

On May 12, 2014, Travelers served its Interrogatories, Set Two on Leonard Ackerman, Chapter 7 Trustee for Fay Avenue ("Trustee"). On May 23, 2014, Travelers' counsel, Patricia Daza-Luu ("Ms. Daza-Luu") sent a letter to Trustee's counsel regarding Trustee's responses to Travelers' Interrogatories, Set Two. Ms. Daza-Luu claimed that Trustee's responses were not straightforward. [Exhibit 1] On May 29, 2014, Trustee's counsel replied to Ms. Daza-Luu's letter, advising that it believed Trustee's responses to be complete, non-evasive, and a good faith effort to comprehend Travelers' questions and answer them explicitly. [Exhibit 2] Ms. Daza-Luu and Trustee's counsel subsequently engaged in telephone conversations in which Trustee's counsel confirmed that no information was withheld. Ms. Daza-Luu advised that she nevertheless believed Trustee's responses to be incomplete, and that she believed judicial resolution was necessary.

**II. DISCUSSION**

Answers to interrogatories must be responsive, complete, and not evasive. *Morrocco v. Hill*, 2013 U.S. Dist. LEXIS 10211, *3 (D. Nev. Jan. 24, 2013) (citing *Anderson v. Fresno Cnty., Human Services Sys.*, 2007 U.S. Dist. LEXIS 49879, 2007 WL 1865657, *3 (E.D. Cal. June 28, 2007)). This means that each answer must include

VAN DYKE & ASSOCIATES, APLC
501 W. BROADWAY AVENUE, SUITE 1600
SAN DIEGO, CALIFORNIA 92101
TEL. (619) 344-0977 • FAX (619) 599-0716

1  sufficient detail to fully respond to the particular interrogatory. See Fed. R. Civ. Pro.
2  33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered
3  separately and fully in writing under oath."). A sufficient answer generally entails a
4  conscientious and good faith effort to comprehend the question and to answer it explicitly.

**Request No. 28**

7      Trustee's response to Interrogatory No. 28 was made in good faith, is complete and
8  in no way evasive. Interrogatory No. 28 requests Trustee to describe in detail how he
9  calculated that there was at least $864,000 in property losses in connection with the
10 "incident." In response, Trustee explained that the $864,000 was an *estimate* based on
11 three categories of documents. See Joint Statement 2:17-26. Trustee verified his response,
12 and his counsel has since repeatedly assured Travelers' counsel that Trustee has provided
13 all information personally known or reasonably available.

14     Any assertion that Trustee's response is incomplete, evasive, or otherwise in bad
15 faith is unsubstantiated. In fact, Trustee's response goes beyond the $864,000 figure to
16 provide Travelers more current information. See Joint Statement 3:1-7. Trustee's
17 inclusion of additional information was in good faith, as it was Trustee's understanding
18 that Travelers sought information regarding damages. It was not Trustee's intent to
19 confuse or otherwise hinder Travelers' discovery. To the extent Travelers is confused by
20 the additional information, Travelers should ignore it. The $864,000 figure's calculation is
21 sufficiently addressed in the response. Trustee has made a good faith effort to comprehend
22 Travelers' interrogatory and answer it explicitly. Any perceived shortfall is a consequence
23 of either Trustee providing too much information or the Interrogatory's ambiguity.

**Request No. 29**

26     Trustee's response to Interrogatory No. 29 is responsive, complete, and non-
27 evasive. The Interrogatory asks Trustee to describe in detail what portion of the $864,000
28 property loss Fay Avenue sustained. Joint Statement 3:11-13. Trustee responds that Fay

VAN DYKE & ASSOCIATES, APLC
501 W. BROADWAY AVENUE, SUITE 1600
SAN DIEGO, CALIFORNIA 92101
TEL. (619) 344-0977 • FAX (619) 599-0716

VAN DYKE & ASSOCIATES, APLC
501 W. BROADWAY AVENUE, SUITE 1600
SAN DIEGO, CALIFORNIA 92101
TEL. (619) 344-0977 • FAX (619) 599-0716

1   Avenue sustained the entire $864,000 in property loss. Joint Statement 3:20-21. Travelers

2   cannot, in good faith, argue that Trustee's response is not straightforward and in good

3   faith. Any claim that Trustee's response is incomplete or evasive is without merit.

4

5   **Request No. 30**

6      Trustee's response to Interrogatory No. 30 is responsive, complete, and non-

7   evasive. The Interrogatory asks Trustee to describe in detail how Trustee calculated the

8   dollar amount in his response to Interrogatory 29. Because Trustee's response to

9   Interrogatory 29 stated that Fay Avenue sustained the *entire* amount from Interrogatory 28,

10  Trustee referred Travelers to Interrogatory 28, which addresses the requested calculation.

11  Trustee's response was straightforward and in good faith. Any claim that Trustee's

12  response is incomplete or evasive is without merit.

13

14  **Request No. 31**

15     Trustee's response to Interrogatory No. 31 is responsive, complete, and non-

16  evasive. Trustee acted in good faith to comprehend Travelers' interrogatory and answer it

17  explicitly. Interrogatory No. 31 asks for details regarding how Trustee "calculated that

18  there was at least $1.1 million in business interruption losses in connection with the

19  INCIDENT." Joint Statement 4:13-15. In response, Trustee explained that the $1.1 million

20  figure resulted from an initial review of specifically identified documents, which Trustee's

21  counsel determined made vague references to the $1.1 million figure. Joint Statement 4:27-

22  28, 5:1-9. Trustee further explained that he believed Fay Avenue's business interruption

23  losses to be *at least* $1.1 million, based on "Rent" calculations in the Pro Forma and

24  Projections Fay Avenue provided to Travelers during the claim investigation. Joint

25  Statement 5:10-13. Any assertion that Trustee's response is incomplete, evasive, or

26  otherwise in bad faith is unsubstantiated.

27  ///

28  ///

**Request No. 32**

Trustee's response to Interrogatory No. 22 is responsive, complete, and non-evasive. The Interrogatory asks Trustee to describe in detail what portion of the $1.1 million in business interruption losses Fay Avenue sustained. Joint Statement 5:17-19. Trustee responds that Fay Avenue sustained the entire $1.1 million in business interruption losses. Joint Statement 5:26-28. Trustee's response was a conscientious and good faith effort to comprehend the question and answer it explicitly. Travelers cannot, in good faith, argue that Trustee's response is not complete or straightforward.

**Request No. 33**

Trustee's response to Interrogatory No. 33 is responsive, complete, and non-evasive. The Interrogatory asks Trustee to describe in detail how Trustee calculated the dollar amount in his response to Interrogatory 32. Because Trustee's response to Interrogatory 32 stated that Fay Avenue sustained the *entire* amount from Interrogatory 31, Trustee referred Travelers to Interrogatory 31, which addresses the requested calculation. Trustee's response was straightforward and in good faith. Any claim that Trustee's response is incomplete or evasive is without merit.

**III. CONCLUSION**

For the foregoing reasons, Trustee should not be required to provide supplemental responses to Travelers' Interrogatories, Set Two.

VAN DYKE & ASSOCIATES, APLC
501 W. BROADWAY AVENUE, SUITE 1600
SAN DIEGO, CALIFORNIA 92101
TEL. (619) 344-0977 • FAX (619) 599-0716

**EXHIBIT 1**

# WESTON & McELVAIN LLP

601 South Figueroa Street, Suite 2350
Los Angeles, California 90017
Telephone (213) 596-8000
Facsimile (213) 596-8039

May 23, 2014

***VIA EMAIL and U.S. MAIL***
Meredith King
VAN DYKE & ASSOCIATES, APLC
501 W. Broadway Ave., Suite 1600
San Diego, California 92101
Email: mking@vdalaw.com

> Re: *Fay Avenue Properties, LLC, et al. v. Travelers Property Casualty Company of America,* USDC, Southern District of California, Case No. 3:11-cv-02389-DMS-WVG
> Our File No.: TR551

Dear Counsel:

This letter addresses Leonard Ackerman, Chapter 7 Trustee for Fay Avenue Properties, LLC's ("Fay") responses to Requests for Production (Set Two), Interrogatories (Set Two), and Requests for Admission (Set One), which were served on May 12, 2014. As detailed below, many of Fay's responses are inadequate and in need of clarification and/or supplementation.

We wish to resolve these discovery issues amicably and would be happy to have a conference call to discuss the foregoing. Please provide the requested information and supplemental responses by **June 2, 2014. To the extent you need additional time, please let our office know as soon as the need arises. Further, to the extent you disagree with any of our positions detailed below, please let our office know by June 2, 2014 so we may schedule an informal discovery conference with Judge Gallo.** We must file our Joint Statement by **June 13, 2014** in the event a dispute persists, so we must know your position as soon as practicable.

## Interrogatories (Set Two):

*Interrogatory No. 28-30:*

These interrogatories asked you to detail Fay's property losses of at least $864,000, as discussed in Fay's response to Interrogatory No. 2. Rather than provide direct responses, Fay details that it believes losses "exceed the applicable policy limits and are at least $2,069,815.99." This value is lined to the June 2011 Claim Inventory. However, as admitted by Fay in response to Request for Admission No. 6, Fay does not own all the claimed items on the June 2011 Claim Inventory. As such, it is unclear what Fay is claiming in property losses. Travelers is entitled to straightforward answers that detail how Fay's property losses were calculated (and what they are since they are allegedly larger than before) (Interrogatory No. 28), what portion of these losses

Palos Verdes Office
27520 Hawthorne Blvd., Suite 180
Rolling Hills Estates, California 90274
Telephone (310) 541-8341
Facsimile (310) 541-8307

Ventura County Office
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone (805) 267-7171

May 23, 2014
Page 2

was sustained by Fay (Interrogatory No. 29), and how these dollar amounts were determined (Interrogatory No. 30).

*Interrogatory Nos. 31-33:*

Similarly, Fay failed to detail its alleged business income losses exceeding the originally stated number of $1.1 million, now exceeding the applicable policy limits. Fay refers Travelers to Pro Forma Projections provided by Fay during the claim, but evades responding to the interrogatories posed. Travelers is entitled to straightforward answers that detail how Fay's business income losses were calculated (and what they are since they are allegedly larger than before) (Interrogatory No. 31), what portion of these losses was sustained by Fay (Interrogatory No. 32), and how these dollar amounts were determined (Interrogatory No. 33).

**Requests for Admission (Set One):**

*Request for Admission Nos. 10-21:*

Fay provided no responses to these requests, and has therefore waived all objections. Please provide responses, without objection, immediately.

We look forward to receiving the requested supplemental responses and additional information by June 2, 2014. Please feel free to contact me if you have any questions or wish to further discuss.

Sincerely,

*Patricia A. Daza-Luu*

Patricia A. Daza-Luu
Weston & McElvain LLP

CC: Patrick Howe, Esq.; Aaron C. Agness, Esq. (by email)

**EXHIBIT 2**



& ASSOCIATES, APLC

May 29, 2014

<span style="font-variant:small-caps">Via US Mail & E-mail</span>

Patricia A. Daza-Luu
601 South Figueroa St., Ste. 2350
Los Angeles, CA 90017

    Re: **Fay Avenue Properties, LLC v. Travelers Property Casualty Company of America**

Dear Ms. Daza-Luu:

  We received your May 23, 2014 letter in which you state *Fay*'s responses to your client's Request for Interrogatories (Set Two) and Requests for Admission (Set One) are inadequate or unclear. First, we must remind you that the Responses you received were from Trustee Leonard Ackerman ("Trustee"), not Fay Avenue Properties, LLC ("Fay Avenue"). Your reference to Mr. Ackerman as "Fay" is incorrect. Second, as requested, we provide the following responses to your letter:

*Interrogatories (Set Two)*

  *Response Nos. 28-30:* Your letter states that Response Nos. 28 through 30 are not direct or straightforward. We believe, however, that Trustee's responses are complete and in no way evasive. Indeed, we believe any confusion is a direct result of what we now know to be the vague and ambiguous wording of your interrogatories. Interrogatory No. 28 requests Trustee describe in detail how Trustee calculated $864,000 in property losses in connection with the INCIDENT. It is our position that this interrogatory requests Trustee to provide information on the $864,000 in property losses *Fay Avenue* incurred in connection with the INCIDENT. To the extent that your May 23, 2014 letter now seems to indicate that this interrogatory actually requested that Trustee provide information on the value of property losses incurred by other entities in connection with the INCIDENT, your interrogatory was vague and ambiguous. Had Trustee believed that this question was asking Trustee to take any position on the value of property losses incurred by others, Trustee would have responded that Trustee is not in a position to either admit or deny any such information.

  Given that Trustee interpreted Interrogatory No. 28 to request that Trustee provide calculations of *Fay Avenue*'s property losses in connection with the INCIDENT, we do not believe our response needs further supplement. In response to Interrogatory No. 28, we state that the $864,000 figure was an *estimate* based on three categories of documents. We then go further and provide a $2,069,815 figure and its basis. In response to Interrogatory No. 29, we specifically state that the Fay Avenue "sustained the entire $864,000 in property losses . . . ." And, finally, in response to Interrogatory No. 30, we refer to Interrogatory No. 28 because the

Ms. Daza-Luu
Page 2 of 3

response would be the same, including because we provided our basis for calculating Fay Avenue's property losses in our response to Interrogatory No. 28. Not only do our responses fully and in good faith answer the interrogatories provided, but, in these responses, Trustee goes above and beyond to provide your client additional calculations of property losses incurred based on facts presently known to the Trustee. In addition, given that our response to Interrogatory No. 28 is based on Trustee's calculation of property losses incurred by Fay Avenue alone, our response to this interrogatory is not inconsistent with Trustee's response to Request for Admission No. 6 (wherein Trustee admits that Fay Avenue did not own all claimed items on the June 2011 Claim Inventory). We therefore do not plan to supplement Trustee's responses to Interrogatories Nos. 28-30.

*Response Nos. 31-33:* Your letter also states that Response Nos. 31 through 33 are not straightforward. We see no basis for any claim that Trustee's responses are incomplete or evasive. Indeed, we believe any confusion resulting from our responses is a direct result of what we now know to be the vague and ambiguous wording of your interrogatories. Interrogatory No. 31 asks how the $1.1 million in business interruption loses Trustee previously provided was calculated. It is our position that this interrogatory requests Trustee to provide information on the $1.1 million in business interruption losses that *Fay Avenue* incurred in connection with the INCIDENT. To the extent that your May 23, 2014 letter now seems to indicate that this interrogatory actually requested that Trustee provide information on the value of business interruption losses other entities incurred in connection with the INCIDENT, your interrogatory was vague and ambiguous. Had Trustee believed that this question asked Trustee to take any position on the value of losses other entities incurred, Trustee would have responded that Trustee is not in a position to either admit or deny any such information.

Given that Trustee interpreted Interrogatory No. 31 to request that Trustee provide calculations of *Fay Avenue*'s business interruption losses in connection with the INCIDENT, we do not believe our response needs further supplement. In Trustee's response to Interrogatory No. 31, Trustee responded that upon initial review of specified documents, Trustee's counsel determined that documents contained vague references to claims made by Fay Avenue of approximately $1.1 million in business interruption losses. In Interrogatory No. 32, you ask what portion of the loss was sustained by Fay Avenue and Trustee responds that Fay Avenue sustained the entire amount. And, finally, in response to Interrogatory No. 33, we refer to Interrogatory No. 31 because the response would be the same, including because we provided our basis for calculating Fay Avenue's business interruption losses in our response to Interrogatory No. 31.

Finally, while your May 23, 2014 letter states that Trustee's Responses to Interrogatory Nos. 31-33 were not straightforward because Trustee references Fay Avenue's Pro Forma and Projections without providing additional calculations, Trustee's responses here represent all of the information currently available to Trustee and are therefore complete. Indeed, Trustee currently has no information beyond that contained in the Pro Forma and Projections regarding how Trustee intends to calculate Fay Avenue's business interruption losses. We therefore do not plan to supplement Trustee's responses to Interrogatories Nos. 31-33.

As the Verification included with Trustee's Responses signifies, Response Nos. 28 through 33 are complete to the extent of Trustee's knowledge. We therefore believe our

Ms. Daza-Luu
Page 3 of 3

responses include sufficient detail to respond fully to your Interrogatories.   If you believe otherwise, or have any additional concerns, please let us know.

### Request for Admissions (Set One)

Trustee is currently out of the country until June 2, 2014.   Our office will therefore be providing supplemental responses to your Requests for Admissions as soon as possible thereafter, but no later than June 6, 2014.

If you have any questions or concerns regarding these matters, please contact me at the phone number below.

Sincerely,

VAN DYKE & ASSOCIATES, APLC

By: _____
     Meredith King, Esq.
     Attorneys for Leonard Ackerman