UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAY AVENUE PROPERTIES, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Civil No.11-2389-GPC(WVG) <br><br> ORDER REGARDING JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING LA JOLLA SPA MD, INC.'S RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION <br><br> ORDER REGARDING JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING TRUSTEE OF FAY AVENUE PROPERTIES LLC'S BANKRUPTCY ESTATE'S RESPONSES TO INTERROGATORIES |

On June 13, 2014, Plaintiffs Trustee of Fay Avenue Properties Bankruptcy Estate ("Fay Ave"), and La Jolla Spa MD, Inc. ("LJ Spa") and Defendant Travelers Property Casualty Company of America ("Defendant") filed Joint Statements for Determination of Discovery Disputes. One Joint Statement involves LJ Spa's Responses to Defendant's Interrogatories, Requests for Production of Documents, and

Requests for Admission. The other Joint Statement involves Fay Ave's Responses to Defendant's Interrogatories. The Court, having reviewed the Joint Statements, the authorities cited therein, the discovery requests and the responses thereto, and the documents attached to the Joint Statements, and GOOD CAUSE APPEARING, HEREBY ORDERS as follows:

I

DISCUSSION

A. Waiver of Discovery Objections

The Court observes that most of Fay Ave's and LJ Spa's responses to Defendant's discovery requests state objections such as vague, ambiguous, overbroad, unduly burdensome, oppressive as to scope and time, compound, etc. Additionally, many of the responses invoke the attorney-client privilege and work product doctrine. Further, the responses contain language stating "subject to and without waiving these objections, (Plaintiff) responds as follows:," and "(Plaintiff) will produce non-privileged responsive documents within its custody and control."

Conditional responses and/or the purported reservation of rights by Plaintiffs is improper and ultimately has the effect of waiving Plaintiffs' objections to the discovery requests. Sprint Communications Co. v. Comcast Cable Communications, LLC, 2014 WL 545544 at *2 (D. KS 2014)("Sprint I"), modified 2014 WL 569963 (D. KS 2014)("Sprint II").

The Court recognizes that it is common practice among attorneys to respond to discovery requests by asserting objections and then responding to the discovery requests "subject to" and/or "without waiving" their objections. This practice is confusing and misleading. Moreover, it has no basis in the Federal Rules of Civil Procedure. Sprint I, 2014 WL 545544 at *2.

The responses are confusing and misleading because, for example, when a party responds to an interrogatory that is "subject to" and "without waiving its objections," the propounder of the interrogatory is "left guessing as to whether the responding party has fully or only par-tially responded to the interrogatory." Estridge v. Target Corp., 2012 WL 527051 at *1-2 (S.D. FL 2012). Similarly, with respect to requests for production of documents, a response "subject to" and "without waiving objections," leaves the requesting party to guess whether the producing party has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections. Sprint I, 2014 WL 545544 at *2, Rodriguez v. Simmons, 2011 WL 1322003 at *7 (E.D. Cal. 2011)(Defendant's objections to requests for production of documents did not comply with the Federal Rules of Civil Procedure because the responses to the requests for production of documents did not clearly state that the documents had already been produced, or exist, but are not being withheld based on other interposed objections.)

"If Defendants *do* have responsive documents, but wish to withhold them on privacy (or privilege) grounds, Plaintiff should be made aware of this fact and the parties should continue their meet and confer obligations to ensure redaction, a protective order, *in camera* review, or other (privilege or) privacy-guarding measures are implemented to properly balance the need for discovery against the need for (privilege or) privacy." Id. at *7, fn. 9 (citation omitted)(emphasis in original).

Moreover, when a party responds to a request for production of documents, it has three options under Federal Rule of Civil Procedure 34: (1) serve an objection to the requests as a whole, [Federal Rule of Civil Procedure 34(b)(2)(B)], or (2) serve an "objection to part of the request, provided it specifies the part to which it objects and respond to the non-objectionable portions, [Federal Rule of Civil Procedure 34(b)(2)(C)] or (3) serve a response that says that all responsive documents will be produced. What a party can not do is combine its objections into a partial response without any indication that the response was actually a partial response. Haeger v. Goodyear Tire & Rubber Co., 906 F.Supp 2d 938, 976 (D. AZ 2012).

Further, conditional responses to discovery requests violate Federal Rule of Civil Procedure 26. Rule 26 (g)(1)(B)(i)-(iii) requires responders to discovery requests to certify that the discovery responses are consistent with the Federal Rules of Civil Procedure, "not

imposed for any improper purpose," and are "neither unreasonable nor unduly burdensome." Moreover, the 1983 Committee comments to Rule 26(g) state that "Rule 26 imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rule 26 through 37." Providing conditional responses to discovery requests is improper. Sprint II, 2014 WL 1569963 at *3.

Consequently, since Plaintiffs' responses to discovery requests that are "subject to" and "without waiving objections," are improper, the objections are deem waived and the response to the discovery request stands. Estridge, 2012 WL 527051 at *2 ,[citing Tardif v. People for the Ethical Treatment of Animals, 2011 WL 1627165 at *2 (M.D. FL 2011), Pepperwood of Naples Condominium Assn. v. Nationwide Mutual Fire Ins. Co., 2011 WL 4382104 at *4-5 (M.D. FL 2011), Consumer Elecs. Assn. v. Compras And Buys Magazine, Inc., 2008 WL 4327253 at *3 (S.D. FL 2008)("subject to" and "without waiving objections" "preserve... nothing and serve... only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered or whether portion of the question has been answered.")

B. Reference To Documents In Discovery Requests

A party may answer an interrogatory by specifying records from which the answer may be obtained and by making the records available for inspection. Federal Rule

of Civil Procedure 33(d)(2). But the records must be specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Federal Rule of Civil Procedure 33(d)(1). Responses to interrogatories that do not specify where in the records the answers could be found do not comply with Rule 33(d)(1). Rule 33 was amended in 1980 "to make clear that a responding party has the duty to specify, by category and location, the records from which the answers to the interrogatories can be derived." Rainbow Pioneer No. 44-18-04A v. Hawaii Nevada Inv. Co., 711 F.2d 902, 906 (9th Cir. 1983)[discussing former Federal Rule of Civil Procedure 33(c)]. West v. Ultimate Metals Co., 2014 WL 466795 at *2 (N.D. Cal. 2014), Tourgeman v. Collins Financial Services, Inc., 2010 WL 2181416 at *6 (S.D. Cal. 2010). Former Federal Rule of Civil Procedure 33(c) is the same as the current Federal Rule of Civil Procedure 33(d). Cambridge Electronics Corp. v. MGA Electronics, 227 F.R.D. 313, 323, (C.D. Cal. 2004).

  A party seeking damages must timely disclose its theory of damages as well as its computation of those damages. Brighton Collectibles, Inc. v. RK Texas Leather Mfg., 2013 WL 4716210 at *3 (S.D. Cal. 2013). "'Computation' contemplates some analysis beyond merely setting forth a lump sum amount. While the computation of damages does not need to be detailed early in the case prior to relevant discovery, the plaintiff must supplement its initial damage computation to reflect

information obtained during discovery." Id. at *3, citing City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221-222 (N.D. Cal. 2003). Further, the service of expert witness' reports does not excuse a litigant from his/her other discovery obligations, such as a computation of damages. Shakespear v. Wal-Mart Stores, 2013 WL 6498898 at *4 (D. NV 2013). Future expert analysis does not relieve a litigant of its obligation to provide information that is reasonably available to it regarding its alleged damages. Frontline Medical Assoc. v. Coventry Health Care, 263 F.R.D. 567, 570 (C.D. Cal. 2009). Therefore, Plaintiffs' responses to Defendant's discovery requests, particularly as to Plaintiffs' responses that state that expert discovery is needed to respond to the discovery requests, are insufficient.

The Court observes that many of Fay Ave's and LJ Spa's responses to Defendant's discovery requests refer to documents produced in this litigation. However, the responses that refer to documents are inadequate because they fail to specify in sufficient detail to enable Defendant to locate and identify the documents to which Plaintiffs refer. Many of Defendant's requests refer to Plaintiff's substantiation of the damages they have allegedly sustained. Plaintiffs must provide to Defendant a computation of the damages they claim in this litigation, and must specifically identify the documents they used to arrive at the computation of damages.

C. <u>Assertion of Privileges</u>

The Court observes that many of Fay Ave's and LJ Spa's responses to Defendant's discovery requests assert that the requests invade the attorney-client privilege, work product or are "objectionable." To the extent that the responses invoke a privilege, work product, or are "objectionable," Plaintiffs are required to provide to Defendant a privilege log that lists each document withheld from production. Federal Rule of Civil Procedure 26(b)(5)(A)(i)-(ii). A proper assertion of of privilege, work product, or that the document is "objectionable," must contain the following for each document, communication or information withheld:

  (1) Date of the creation of the document;
  (2) Author;
  (3) Primary addressee(s) [and the relationship of that person(s) to the client and/or author of the document];
  (4) Secondary addressee(s), persons who received copies of the document and the recipient [and the relationship of that person(s) to the client and/or author of the document];
  (5) Type of document;
  (6) Client (party asserting the privilege)
  (7) Attorneys (with an indication of who the attorney represents);
  (8) Subject matter of the document or privileged communication;

  (9) Purpose of the document or privileged communication (basis for the legal claim of privilege, work product or objection to production);

  (10) Whether the document, communication or objection is attorney-client privilege, work product, or some other basis;

  (11) Identify each document by number.[1]

Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992), Martin v. Evans, 2012 WL 1894219 at *5 (N.D. Cal. 2012), Del Campo v. American Corrective Counseling Services, 2007 WL 4287335 at *4 (N.D. Cal. 2007).

## II

## COURT'S RULINGS ON DISPUTES DISCOVERY REQUESTS

### A. Fay Ave's Responses

### Request for Production of Documents No. 28

Pursuant to the discussion at Section I.A. of this Order, Fay Ave's objections are waived. To the extent that Fay Ave is withholding information protected by the attorney-client privilege, work product, or for any other reason, Fay Ave shall produce to Defendant a privilege log. See Sprint II, 2014 WL 1569963 at *3. If Fay Ave is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental response so stating. Further, pursuant to Section I.B. of this Order, Fay Ave shall serve a supplemental response to this Request that specifies in sufficient detail to enable

---

[1] No. 11 was added by this Court.

Defendant to locate and identify the documents which are responsive to this Request and to which Fay Avenue refers. In the event the documents to which Fay Avenue refers does not sufficiently respond to this Request, Fay Avenue is directed to supplement its response to comply with this Order. In addition, Fay Ave shall include in its supplemental response its computation of the damages referred to in the Request.

### Request for Production of Documents No. 29

The Response is sufficient because Fay Ave stated that it alone sustained the entire amount of loss noted in property losses.

### Request for Production of Documents No. 30

Pursuant to the discussion at Section I.A. of this Order, Fay Ave's objections are waived. To the extent that Fay Ave is withholding information protected by the attorney-client privilege, work product, or for any other reason, Fay Ave shall produce to Defendant a privilege log. See Sprint II, 2014 WL 1569963 at *3. If Fay Ave is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental response so stating. Further, pursuant to Section I.B. of this Order, Fay Ave shall serve a supplemental response to this Request that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Request and to which Fay Avenue refers. In the event the documents to which Fay Avenue refers does

not sufficiently respond to this Request, Fay Avenue is directed to supplement its response to comply with this Order. In addition, Fay Ave shall include in its supplemental response its computation of the damages referred to in the Request.

### Request for Production of Documents No. 31

Pursuant to the discussion at Section I.A. of this Order, Fay Ave's objections are waived. To the extent that Fay Ave is withholding information protected by the attorney-client privilege, work product, or for any other reason, Fay Ave shall produce to Defendant a privilege log. See Sprint II, 2014 WL 1569963 at *3. If Fay Ave is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental response so stating. Further, pursuant to Section I.B. of this Order, Fay Ave shall serve a supplemental response to this Request that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Request and to which Fay Avenue refers. In the event the documents to which Fay Avenue refers does not sufficiently respond to this Request, Fay Avenue is directed to supplement its response to comply with this Order. In addition, Fay Ave shall include in its supplemental response its computation of the damages referred to in the Request.

<u>Request for Production of Documents No. 32</u>

The Response is sufficient because Fay Ave stated that it alone sustained the entire amount of loss noted in business interruption loss.

<u>Request for Production of Documents No. 33</u>

Pursuant to the discussion at Section I.A. of this Order, Fay Ave's objections are waived. To the extent that Fay Ave is withholding information protected by the attorney-client privilege, work product, or for any other reason, Fay Ave shall produce to Defendant a privilege log. See <u>Sprint II</u>, 2014 WL 1569963 at *3. If Fay Ave is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental response so stating. Further, pursuant to Section I.B. of this Order, Fay Ave shall serve a supplemental response to this Request that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Request and to which Fay Avenue refers. In the event the documents to which Fay Ave refers do not sufficiently respond to this Request, Fay Ave is directed to supplement its response to comply with this Order. In addition, Fay Ave shall include in its supplemental response its computation of the damages referred to in the Request.

B. <u>LJ Spa's Responses</u>

<u>Interrogatory No. 28</u>

The Response is not responsive to the Interrogatory.

Pursuant to Section I.A. of this Order, LJ Spa's objections are waived. Pursuant to Section I.B. of this Order, LJ Spa shall serve a supplemental response to this Interrogatory that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Interrogatory and to which LJ Spa refers. In the event the documents to which Fay Ave refers do not sufficiently respond to this Interrogatory, Fay Ave is directed to supplement its response to comply with this Order.

Interrogatory No. 29

The Response is not responsive to the Interrogatory. Pursuant to Section I.A. of this Order, LJ Spa's objections are waived. Pursuant to Section I.B. of this Order, LJ Spa shall serve a supplemental response to this Interrogatory that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Interrogatory and to which LJ Spa refers. In the event the documents to which Fay Ave refers do not sufficiently respond to this Interrogatory, Fay Ave is directed to supplement its response to comply with this Order.

Interrogatory No. 30

The Response is not responsive to the Interrogatory. Pursuant to Section I.A. of this Order, LJ Spa's objections are waived. Pursuant to Section I.B. of this Order, LJ Spa shall serve a supplemental response to this Interrogatory that specifies in sufficient detail to enable

Defendant to locate and identify the documents which are responsive to this Interrogatory and to which LJ Spa refers. In the event the documents to which Fay Ave refers do not sufficiently respond to this Interrogatory, Fay Ave is directed to supplement its response to comply with this Order.

### Interrogatory No. 31

The Response is not responsive to the Interrogatory. Pursuant to Section I.A. of this Order, LJ Spa's objections are waived. Pursuant to Section I.B. of this Order, LJ Spa shall serve a supplemental response to this Interrogatory that specifies in sufficient detail to enable Defendant to locate and identify the documents which are responsive to this Interrogatory and to which LJ Spa refers. In the event the documents to which Fay Ave refers do not sufficiently respond to this Interrogatory, Fay Ave is directed to supplement its response to comply with this Order.

### Interrogatory No. 33

The Response is not responsive to the Interrogatory. Pursuant to Section I.A. of this Order, LJ Spa's objections are waived. To the extent LJ Spa is withholding information protected by the attorney-client privilege, work product, or for any other reason, LJ Spa shall produce a privilege log. See Sprint II, 2014 WL 1569963 at *3. If LJ Spa is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental

response so stating. In addition, LJ Spa shall include in its supplemental response its computation of damages referred to in the Interrogatory. Expert witness discovery is not required to respond to this Interrogatory.

### Request for Production of Documents No. 53-64

Pursuant to the discussion at Section I.A. of this Order, LJ Spa's objections are waived. To the extent that LJ Spa is withholding information protected by the attorney-client privilege, work product, or for any other reason, including that the documents are "objectionable," LJ Spa shall produce to Defendant a privilege log. See Sprint II, 2014 WL 1569963 at *3. If LJ Spa is not withholding any information protected by the attorney-client privilege, work product, or for any other reason, it shall serve on Defendant a supplemental response so stating. Further, pursuant to Section I.B. of this Order, LJ Spa shall serve a supplemental response to these Requests that specify in sufficient detail to enable Defendant to locate and identify the documents which are responsive to these Requests and to which LJ Spa refers. In the event the documents to which Fay Ave refers do not sufficiently respond to these Requests, Fay Ave is directed to supplement its response to comply with this Order.

### Request for Admission No. 21

Pursuant to the discussion at Section I.A. of this Order, LJ Spa's objections are waived. LJ Spa's response to this Request for Admission is not responsive to the Request for Admission because Defendant requested that LJ

1 | Spa admit or deny details of the alleged theft of equip-
2 | ment. LJ Spa did not admit or deny the Request for Admis-
3 | sion as written. LJ Spa shall provide to Defendant a
4 | supplemental response that responds to the Request for
5 | Admission as written.
6 |         <u>Request for Admission No. 22</u>
7 |     Pursuant to the discussion at Section I.A. of this
8 | Order, LJ Spa's objections are waived. The response to
9 | this Request for Admission is not responsive to the
10 | Request for Admission because Defendant requested that LJ
11 | Spa admit or deny details of the alleged theft of equip-
12 | ment. LJ Spa did not admit or deny the Request for Admis-
13 | sion as written. LJ Spa shall provide to Defendant a
14 | supplemental response that responds to the Request for
15 | Admission as written.
16 |         <u>Request for Admission No. 23</u>
17 |     Pursuant to the discussion at Section I.A. of this
18 | Order, LJ Spa's objections are waived. LJ Spa's response
19 | to this Request for Admission is not responsive because
20 | Defendant requested that LJ Spa admit or deny details of
21 | the alleged theft of inventory and products from the
22 | retail boutique and spa. LJ Spa did not admit or deny the
23 | Request for Admission as written. LJ Spa shall provide to
24 | Defendant a supplemental response that responds to the
25 | Request for Admission as written.
26 |         <u>Request for Admission No. 29</u>
27 |     Pursuant to the discussion at Section I.A. of this
28 | Order, LJ Spa's objections are waived. Pursuant to Federal

Rule of Civil Procedure 36(a)(4), LJ Spa shall serve on Defendant a supplemental response that explains why it can not admit or deny this Request for Admission. LJ Spa's response is not responsive because Defendant requested that LJ Spa admit or deny that Dr. Richard Choo performed surgeries at the surgery center between November 2009 and March 10, 2010. LJ Spa did not admit or deny the Request for Admission as written. LJ Spa may assert lack of knowledge or information as a reason for failing to admit or deny this Request for Admission only if LJ Spa states that it has made a reasonable inquiry and that the information it knows, or can readily obtain, is insufficient to enable it to admit or deny the Request for Admission.

<u>Request for Admission No. 30</u>

Pursuant to the discussion at Section I.A. of this Order, LJ Spa's objections are waived. Pursuant to Federal Rule of Civil Procedure 36(a)(4), LJ Spa shall serve on Defendant a supplemental response that explains why it can not admit or deny this Request for Admission. LJ Spa's response is not responsive because Defendant requested that LJ Spa admit or deny that Dr. Peter Mann performed surgeries at the surgery center between November 2009 and March 10, 2010. LJ Spa did not admit or deny the Request for Admission as written. LJ Spa may assert lack of knowledge or information as a reason for failing to admit or deny this Request for Admission only if LJ Spa states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to

enable it to admit or deny the Request for Admission.

On or before <u>July 15, 2014</u>, Plaintiffs shall serve on Defendant all privilege logs and supplemental responses as indicated in this Order.

DATED: July 1, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge