|   |   |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FAY AVENUE PROPERTIES, LLC, et al., | ) Civil No.11-2389-GPC(WVG) |
|---|---|
| Plaintiffs, | ) ORDER DENYING DEFENDANT'S<br>) *EX PARTE* MOTION FOR<br>) CONTINUANCE OF CASE |
| v. | ) MANAGEMENT ORDER DATES<br>) (DOC. NO. 112) |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) |
| Defendant. | ) |

On June 27, 2014, Defendant Travelers Property Casualty Company of America ("Defendant") filed an *Ex Parte* Motion for Continuance of Case Management Order Dates. On June 30, 2014, Plaintiff La Jolla Spa MD, Inc. ("LJ Spa") filed an Opposition to Defendant's Motion. Defendant Fay Avenue Properties notified the Court that it does not oppose Defendant's Motion.

The Court, having reviewed Defendant's Motion, LJ Spa's Opposition to the Motion, and the documents attached thereto, and having reviewed the record in this case, HEREBY DENIES Defendant's *Ex Parte* Motion for Continuance of Case Management Order Dates.

I

BACKGROUND

On October 13, 2011, Defendant removed this case to this Court. In August 2012, the parties exchanged Initial Disclosures (Defendant's Exh. 4 at 22-30). In the Initial Disclosures, LJ Spa identified 50 witnesses. On May 28, 2014, LJ Spa served its Amended Initial Disclosures that identified an additional 65 witnesses.(Defendant's Exh. 5 at37-48).[1/]

From August 21, 2012 to July 15, 2013, LJ Spa and Defendant had numerous discovery disputes, which were the subject of several in-court and in chambers conferences.

On November 8, 2012, Defendant filed a Motion To Compel Further Responses To LJ Spa's Discovery Requests and For Terminating Sanctions. After the Court ordered further briefing on this Motion, on January 28, 2013, this Court filed a Report and Recommendation Regarding Defendant's Motion for Terminating Sanctions. The Court recommended that LJ Spa's case be terminated for numerous failures to abide by its discovery obligations and orders of the Court.

On July 15, 2013, the District Judge assigned to this case declined to adopt the Report and Recommendation Regarding Defendant's Motion for Terminating Sanctions.

---

[1/] Six of the listed witnesses in the Amended Initial Disclosures were also listed in LJ Spa's original Initial Disclosures. Six more of the listed witnesses were known, or should have been known, to Defendant through documents it had or were produced in this litigation. Thirty more of the listed witnesses were generally referenced in LJ Spa's original Initial Disclosures at Plaintiff's Exh. 4, at 31, paras. 1-3. Many of these 30 witnesses are Defendant's employees or consultants who assisted in the administration of LJ Spa's insurance claim.

On July 26, 2013, the parties submitted to the Court a Joint Discovery Plan. In the Joint Discovery Plan, LJ Spa and Defendant agreed that Defendant would be allowed to conduct up to 20 depositions and serve 50 interrogatories without leave of court. (Defendant's Exh. J at 18, 20-24). LJ Spa identified 21 persons who might have information relevant to this case. LJ Spa and Defendant agreed that July 20, 2014 would be the date by which all fact discovery was to be completed. (Defendant's Exh. J at 16, 20-26).

On August 2, 2013, the Court held a Case Management Conference with counsel representing all the parties and thereafter issued a Case Management Conference Order Regarding Discovery And Other Pretrial Proceedings. ("CMC Order"). The CMC Order stated, *inter alia,* that all discovery pertaining to the facts of this case shall be completed by July 20, 2014, a date the parties requested because of the time they believed they needed to conduct discovery given the number of potential witnesses which were disclosed in the Initial Disclosures. The CMC Order also stated that the dates set in the CMC Order will not be modified, except for good cause.

As early as July 26, 2013, Defendant was keenly aware of the number of potential witnesses and well knew that it may have needed to depose 21 people. Yet, it appears that Defendant did not notice any depositions until June 2014. The deposition that was noticed was to take place on June 11, 2014. Defendant also noticed 14

other depositions to take place in June and July 2014. June 11, 2014 is 39 days before the close of fact discovery on July 20, 2014.

Defendant now seeks an additional four months to complete fact discovery in this case based almost entirely on the number of witnesses to be interviewed and/or deposed. LJ Spa opposes Defendant's request.

## II

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s "good cause" requirement primarily considers the diligence of the party seeking the extension of time. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), <u>In re Western States Wholesale Natural Gas Antitrust Litigation</u>, 715 F.3d 716, 737 (9th Cir. 2013).

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The District Court's decision to honor the terms of its binding scheduling orders does not simply exalt procedural technicality over the merits of (the) case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier.
> <u>Johnson</u>, 975 F.2d at 610 (citations omitted).

See <u>Cornwell v. Electra Central Credit Union</u>, 439 F.3d 1018, 1026-1027 (9th Cir. 2006)(no good cause shown where a party does not depose witness prior to discovery cut-off), <u>Hauser v. Farrell</u>, 14 F.3d 1338, 1340-1341 (9th

Cir. 1994), overruled on other grounds by <u>Century Bank v. First Interstate Bank</u>, 511 U.S. 164, 173 (1994)(no diligence shown where a party failed to depose a witness during a 27 month period between the start of the litigation and the discovery cut-off).

III

<u>DEFENDANT HAS FAILED TO DEMONSTRATE</u>

<u>GOOD CAUSE TO CONTINUE THE CASE MANAGEMENT DATES</u>

A. <u>Numerous Witnesses</u>

Defendant's counsel complains that LJ Spa identified "40+" new witnesses in its May 28, 2014 Amended Initial Disclosures, eight of which have never been previously identified, and that a majority of these witnesses still need to be contacted.

However, Defendant's counsel's statements in this regard do not appear to be entirely accurate. In LJ Spa's May 28, 2014 Amended Initial Disclosures, LJ Spa identified 71 witnesses. However six of those witnesses were already identified in LJ Spa's August 2012 Initial Disclosures. Another six of those witnesses were known, or should have been known to Defendant, by review of its own documents and documents produced to it by LJ Spa and third parties. Another 30 of those witnesses appear to be Defendant's own employees and/or consultants who handled and/or worked on LJ Spa's insurance claim, and were known, or should have been known, to Defendant.

Moreover, that Defendant has been unable to contact all of LJ Spa's witnesses identified as early as October

1  2013, does not excuse Defendant from noticing depositions
2  of some of these witnesses until June 2014, when in July
3  2013, Defendant knew or should of known of many of the
4  "40+" witnesses. Instead, Defendant's failure to notice and
5  take the depositions of persons about which it knew, or
6  should have known, displays lack of diligence.
7      As a result, Defendant's lack of diligence does not
8  support a finding of good cause.
9      B. <u>Witnesses With No Relevant Information</u>
10     Defendant's counsel complains that numerous wit-
11 nesses identified by LJ Spa who purportedly have informa-
12 tion relevant to the case, do not actually have any
13 relevant information. Defendant's counsel states that she,
14 in essence, wasted countless hours interviewing and/or
15 deposing unnecessary witnesses. LJ Spa disputes this
16 assertion. LJ Spa contends that some of those witnesses
17 testified, *inter alia*, that after Diane York's former
18 husband removed the property on the second floor of LJ
19 Spa's building, Ms. York engaged in substantial efforts to
20 mitigate her losses by introducing new equipment into the
21 building, introducing new doctors into the building, and
22 marketing the business. LJ Spa contends that this testimony
23 is relevant to Plaintiff's alleged damages in this case,
24 which include lost profits and lost business value as a
25 result of Defendant's denial of her insurance claim.
26 Further, LJ Spa contends that Defendant's counsel did not
27 supply the Court with the questions she asked at the
28 depositions so it can determine whether or not its claims

in this regard are accurate. (Declaration of Patrick Howe In Support of LJ Spa's Opposition To Defendant's *Ex Parte* Motion, at 17).

The Court observes that neither Defendant nor LJ Spa have provided the Court with the deposition transcripts of the witnesses discussed above. The Court also observes that interviewing potential witnesses is a necessary component of any litigation and that not all interviewed witnesses will have relevant or useful information. Defendant's counsel should have appropriately accounted for the number of potential witnesses in this case and begun the interview process much earlier in the discovery schedule than she did. Therefore, Defendant has failed to provide sufficient information to the Court to support a finding of good cause to continue the Case Management dates on this basis.

### C. Pending Discovery Disputes

Defendant's counsel complains that a continuance of the dates set in this case is necessary because there are pending discovery disputes that still need to be resolved. Defendant's counsel points to disputes (which have not yet been presented to the Court) in which Defendant refuses to produce a Rule 30(b)(6) deponent and LJ Spa's insistence that Diane York be deposed once (personally and as a corporate representative of LJ Spa) because her testimony is binding on LJ Spa.

However, unresolved discovery disputes, especially discovery disputes that have not been subject to meet and confer sessions, and have not been brought to the Court's

attention, can not be the basis of the good cause needed to continue the pending Case Management dates. See <u>Lacy v. American Builtrite, Inc.</u>, 2012 WL 909309 at *8 (S.D. Cal. 2012)

### D. <u>LJ Spa's Counsel's Unavailability</u>

Defendant's counsel complains that LJ Spa's counsel is unavailable to attend depositions from July 11-17, 2014. This fact does not show good cause for continuance of the dates set in this case because Defendant knew, or should have known, that it needed to take the depositions of numerous known witnesses as early as July 2013, and did not do so. LJ Spa's counsel's unavailability for six days in July 2014 does not contradict the fact that Defendant did not take the depositions of witnesses it knew about as early as July 2013. If anything, Defendant's failure to take the depositions earlier shows its lack of diligence.

### E. <u>Lead Associate's Pregnancy</u>

Defendant's counsel asserts that the lead associate handling this case for Defendant is five months pregnant, and is expected to give birth in November 2014. Further, Defendant's counsel asserts that the lead associate is most familiar with the facts, discovery, and investigation in this case, and has taken most of the depositions in this case. Therefore, Defendant's counsel asserts that a continuance of the Case Management dates is necessary.

The Court is sensitive to the lead associate's condition. However, the lead associate's condition does not present good cause for continuance of the Case Management

dates. Most of the tasks required by Defendant's counsel in this case are required to be completed prior to November 2014. While the Pretrial Conference Order is set to be submitted on November 7, 2014 and the Pretrial Conference is set for November 14, 2014, Defendant does not indicate that a partner assigned to this case, and who appeared quite extensively in the early part of this litigation, as well as other associates at Defendant's counsel's firm, can not assist in preparation of this case for trial. In fact, recognizing lead counsel's condition, lead counsel's firm should have put in place contingency plans for substitute counsel to step in if necessary. Consequently, the lead associate's condition does not present good cause to continue the Case Management dates set in this case.

## IV
## CONCLUSION

As discussed in this Order, Defendant has failed to demonstrate good cause to continue the Case Management dates set in this case. As a result, Defendant's *Ex Parte* Motion For Continuance of Case Management Order Dates is DENIED.

IT IS SO ORDERED.

DATED: July 3, 2014

Hon. William V. Gallo
U.S. Magistrate Judge